Vicente **JUAREZ–FLORES**, Juan Manuel
Roman-Morales, Appellants,

v.

**UNITED STATES** of America,
Appellee.

No. 25206.

United States Court of Appeals
Fifth Circuit.

May 14, 1968.

Rehearing Denied June 14, 1968.

Heriberto J. Porras, Jr., Malcolm Harris, El Paso, Tex., for appellants.

Harry Lee Hudspeth, Asst. U. S. Atty., El Paso, Tex., Ernest Morgan, U. S. Atty., Harry Lee Hudspeth, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before RIVES, BELL and GOLDBERG, Circuit Judges.

PER CURIAM:

The two appellants and six co-defendants were charged in a three-count indictment. The first count charged all of the defendants with conspiracy in the smuggling and transportation of marihuana in violation of 21 U.S.C. § 176a, the conspiracy extending from about June 1, 1966 until about January 31, 1967. The second count charged appellant Juarez-Flores and another co-defendant with the substantive offense of receiving, concealing and transporting approximately 73 pounds of marihuana on or about January 25, 1967. The third count charged the appellant Roman-Morales with the substantive offense of receiving, concealing and transporting approximately 40 pounds of marihuana on or about August 11, 1966. The two appellants were found guilty as charged. Juarez-Flores was sentenced to imprisonment for a period of seven years on his conviction under the first count and to a like period under the second count, the

sentences to run concurrently. Roman-Morales was sentenced to imprisonment for a period of fifteen years under the first count and to a like period under the third count, the sentences to run concurrently.

The prime insistence on appeal of Juarez-Flores is that the district court erred in overruling his motion to suppress the two suit cases filled with marihuana on the theory that they were illegally seized and searched at the Greyhound Bus Station at El Paso, Texas, on January 25, 1967. The government seeks to justify the search and seizure on three separate grounds: (1) that the search was a "border search" authorized by 19 U.S.C. § 482, (2) that Juarez-Flores voluntarily consented to the search, and (3) that the search and seizure were incidental to a lawful arrest based on probable cause. We by-pass the first two grounds and hold that there was probable cause for the search and seizure.

Customs Agents in New York and El Paso had for several months been investigating the activities of an organized ring which was smuggling marihuana into the United States from Mexico at El Paso, Texas, and transporting it to New York. On January 19, 1967, Customs Agents in New York advised agents in El Paso that they had information that Jose Rangel or some member of his group would send another shipment of marihuana the following week. The El Paso agents were further advised that the shipment would be sent by Greyhound bus, that it would be addressed to a fictitious name in New York City, and that it would be shipped in one or more large metal suit cases or trunks of a particular description.

Upon receipt of this information, El Paso Customs Agents set up a surveillance during a four-day period at the Greyhound Bus Station. In addition to the above information, the agents participating in the surveillance were told that the person bringing the containers into the bus station would probably be either a large, strong Mexican man or a smaller Mexican man.

On January 25, at about 9:45 a. m., appellant Vicente Juarez-Flores entered the Greyhound Bus Station in El Paso carrying two metal containers of the type described in the prior information. Appellant had set the containers down at the baggage counter and filled out a shipping form, when he was approached by the Customs Agents. They accompanied him to his car seeking to find a key for the containers. Failing to find the key, the Customs Agents escorted appellant back to the Greyhound Bus Station and into the baggage rooms, where the containers were opened with keys owned by the Customs officers. The containers proved to be full of marihuana.

■ Customs Agents have authority to make arrests without warrants for violation of any law of the United States relating to marihuana where they have reasonable grounds to believe that the person to be arrested has committed or is committing such violation. 26 U.S.C. § 7607(2). When the Customs Agents approached and arrested Juarez-Flores, they had reliable information that the shipment of marihuana was to be sent by Greyhound bus. The shipping tag was to a fictitious name in New York City corresponding to one on a list in the possession of the Customs Agents. Juarez-Flores was a large, strong Mexican man corresponding to the information furnished the Customs Agents. The two metal containers carried by Juarez-Flores met the description furnished to the Customs Agents. The address on the shipping tag matched one on the list furnished the Agents. All of these coincidences furnished sufficient probable cause to justify the search and seizure.

■ Juarez-Flores also challenges the sufficiency of the evidence against him with respect to the conspiracy count and contends that his motion for judgment of acquittal should have been granted with respect to that count. The evidence against Juarez-Flores under the second count charging the substantive offense was clearly sufficient since he was found in possession of and transporting the

approximately 73 pounds of marihuana. We think the evidence under the conspiracy count, the first count, was also sufficient, but we find it unnecessary to detail that evidence since the sentences upon the two counts run concurrently and may be sustained by the judgment of conviction under either count. See Lawn v. United States, 1958, 355 U.S. 339, 359, 78 S.Ct. 311, 2 L.Ed.2d 321.

■ Appellant Roman-Morales claims several alleged errors. First, he insists that the district court erred in refusing to grant his motion for continuance based upon inadequate opportunity of his appointed counsel to prepare for trial. Counsel was appointed some eleven days before the trial date; he had had an opportunity for two lengthy conferences with his client with an interpreter present; he filed a motion to suppress evidence, challenging the arrest of his client and the seizure of the marihuana. On the day the case was set for trial, after counsel asked for a continuance, the district court proceeded to select a jury and at about 11 a. m. recessed further proceedings until the following morning to afford counsel a further opportunity to discover the prospective testimony and prepare for trial. On the next morning, counsel reported to the court as follows:

"The United States Attorney gave me every cooperation and furnished me with all witnesses I asked for, their file and statements. I am much better prepared today than I was yesterday. I think I have made a pretty thorough discovery, with the cooperation I have been given. I still feel the time for preparation is short and I would ask the Court for a ruling on the motion, but I do want to state that every cooperation has been given me and I am much better prepared today than I was yesterday."

The court inquired, "What do you think could be accomplished by any further delay?" Counsel responded:

"Actually, Your Honor, the only further things I can think of would be further research on my part and preparation for cross-examination of witnesses and that opportunity will be afforded as we go along. A lot of that work can be done as we go along."

Certainly the court did not abuse its discretion in denying a continuance.

Roman-Morales urges also that the district court erred in overruling his motion for severance and separate trial, his motion for mistrial, and his motion for a new trial based upon the introduction by the government of claimed prejudicial evidence inadmissible as to this appellant. We find no prejudicial error in any of these rulings.

■ Roman-Morales urges also that the district court erred in denying his motion for judgment of acquittal as to each count on the ground of the insufficiency of the evidence. The detectives had observed Roman-Morales alight from an airplane at Kennedy Airport in New York City and obtain at the baggage claim area a green suit case which one of the detectives managed to mark at the airport. Roman-Morales was followed to 2237 Second Avenue, where he entered the building with the suit case and emerged without it. Later the same day, one of the detectives in an undercover capacity obtained an offer from Roman-Morales to sell 25 pounds of marihuana at $110.00 per pound. Roman-Morales stated that the marihuana was located in "Pablo's house on the 13th floor." The detectives located "Pablo" on the 13th floor of the building at 2237 Second Avenue. In his apartment, they found a green suit case which still bore the mark placed on it at the airport by the detective. The green suit case contained marihuana. At the time of his arrest later that night, Roman-Morales had in his pocket the baggage check showing the transportation of the suit case from El Paso, Texas, to New York City. He also had in his pocket the address of co-conspirator Jose Rangel in El Paso. There was considerable additional evidence against Roman-Morales. We think the evidence was sufficient to sustain his conviction on both counts. Again, how-

ever, Roman-Morales received concurrent sentences of fifteen years on each of the two counts and the conviction on either would support the judgment and sentence. See Lawn v. United States, supra.

We find no reversible error as to either of the appellants and the judgments of conviction are

Affirmed.