446 F.2d 913
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Thurmond BOATWRIGHT and Benjamin Frank Boatwright,
Defendants-Appellants.
No. 31119 Summary Calendar.*
*Rule 18, 5th Cir; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of N.Y. et al., 431 F.2d 409, Part I
(5th Cir. 1970).
 United States Court of Appeals, Fifth Circuit.
 Aug. 11, 1971.
 
 Joe J. Harrell, Pensacola, Fla. (Court-appointed), for James and Frances B. Boatwright.
 Artice L. McGraw, Pensacola, Fla. (Court-appointed), for Benjamin Boatwright.
 William Stafford, U.S. Atty., Pensacola, Fla., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Frank Boatwright was convicted after a jury trial for transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C.A. 2312 (1970) and for conspiring, contrary to 18 U.S.C.A. 371 (1966) (the general conspiracy statute), to violate 18 U.S.C.A. 2312 and 18 U.S.C.A. 2313 (1970) making it a crime to receive, conceal and store a stolen motor vehicle which has moved in interstate commerce. Appellant James Boatwright (along with his wife, Frances Boatwright, who does not appeal her conviction) was convicted on the same conspiracy charge and in addition was convicted of the substantive crime of receiving, concealing and storing a stolen motor vehicle in violation of 18 U.S.C.A. 2313 (1970).
 
 
 2
 The Boatwrights present two common points of error. First they attack the sufficiency of the evidence to support a conviction for any of the offenses. Second, they argue that the presence of law books in the jury room during the course of the jurys' deliberations had a prejudicial effect on the verdict and should warrant a new trial. Frank Boatwright presses two additional contentions. He argues that he should have been granted a judgment of acquittal on the basis of his insanity. Finally, he argues that the testimony of Gloria Sheffield should have been excluded since she was his common law wife.
 
 
 3
 Taking the evidence in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), it appears that a new 1968 Ford station wagon was stolen from Satcher Ford Co. in Lexington, South Carolina. This automobile was later found by the F.B.I. in the possession of James Boatwright at his home in Pensacola, Florida. The automobile was identified as the stolen auto by a comparison of the vehicle identification numbers and its general physical characteristics. One witness testified that he drove Frank to Satcher Ford on the night of the theft and left him there, at a time after the dealership had closed for the evening. Gloria Sheffield testified that Frank picked her up and told her they were driving to Pensacola. She testified that he was driving a new light colored Ford station wagon with wooden paneling (a partial, but not inaccurate, description of the stolen auto). He told her that his cousin, James, had bought the car and wanted him, Frank, to deliver it to him. Later as they were driving to Pensacola, Frank told her that he was taking the car to Florida to sell. This apparently tipped off Sheffield that the car was stolen. When she began to question Frank about the status of the car, he pulled out a pistol and told her not to say anything about the vehicle. After delivering the car to James, they flew back to South Carolina.
 
 
 4
 The evidence adduced by the government showed that the stolen vehicle was later registered in Alabama by Frances Boatwright under a fictitious number. In addition, Frances Boatwright had made an application for a Florida title using the same fictitious identification number. Both she and James testified that the car was purchased from a Mr. Holt of Alabama (who strangely never appeared at trial), and that they paid 2800 dollars cash for the car. James testified that the bill of sale assertedly given him by Holt had somehow become lost.
 
 
 5
 The test of appellate review for a jury conviction is whether a reasonably-minded jury could conclude that the evidence is inconsistent with the hypothesis of the defendants' innocence. United States .v Warner, 441 F.2d 821 (5th Cir. 1971); United States v. McGlamory, 441 F.2d 130 (5th Cir. 1971). While this rendition of the facts reveals sufficient evidence to support the convictions for the substantive crimes and the conspiracy to receive, conceal nad store, it is clearly insufficient to support the conviction for conspiracy to transport. The evidence wholly fails to show that the Boatwrights had any agreement, explicit or implicit, with respect to stealing a car and transporting it in interstate commerce. No evidence was adduced which tended to show that James even knew Frank was coming to Pensacola before he arrived there, much less that they conspired in the initial theft and subsequent interstate transportation. the closest evidence to this point is that Frank told Sheffield that the car belonged to James and that he (James) wanted to drive it down to Pensacola, a statement which Frank later qualified. We believe that this statement is insufficient to enable a jury to conclude that the government had carried its burden of presenting proof inconsistent with the hypothesis of the defendants' innocence.
 
 
 6
 After the jurys' deliberations had ceased, two law books, both related to the crimes charged, were found in the jury room. No one knows how or why the books found their way into the room. The district judge conducted a hearing with respect to whether the books might have had any prejudicial effect and concluded, after though questioning of all the jurors, that no prejudice had occurred. We determine that the district judge's conclusion is not clearly erroneous.
 
 
 7
 Frank Boatwright argues that sufficient evidence of his insanity was presented by him to negate the presumption of sanity. He further contends that since the government presented no evidence to refute his evidence that he was entitled to an acquittal. This defendant adduced no medical or psychiatric evidence but did present four lay witnesses who made general conclusory statements to the effect that Frank 'wasn't normal'. The only specific facts offered were that he once dove into a lake when it was ice cold, that he refused to drive automobiles because of a previous accident, and that he had a habit of walking away from people when they were in mid-sentence. The government argues that the evidence at best is slight, and that only a question for the jury has been presented. 'The question of sufficiency of the evidence necessary to make an issue for the jury on the defense of insanity as well as whether the evidence establishes as a matter of law a reasonable doubt as to a defendant's sanity is for the court.' Blake v. United States, 407 F.2d 908, 910-911 (5th Cir. en banc 1969). The district judge determined that the evidence adduced by the defense was not sufficient to establish as a matter of law a reasonable doubt as to the defendant's sanity, but he did decide that there was enough evidence for a jury issue. We agree. Since the defendant did not establish reasonable doubt as a matter of law, the government was not required to come forward with rebutting evidence.
 
 
 8
 Finally, Frank Boatwright claims that any communications between him and Sheffield were privileged and should have been excluded since Sheffield was his common law wife. The evidence is undisputed that they lived together for over a year and engaged in regular sexual relations. However, in the hearing held on this matter, Sheffield denied any intention of becoming Frank's wife, and further stated that she never held herself out as being his wife. The district judge concluded this testimony as well as the testimony of others that the common law marriage relationship had not been established. After a careful review of the testimony, we conclude that the district judge is not clearly erroneous.
 
 
 9
 Frank Boatwright was sentenced to 5 years for each of the two offenses, and James Boatwright was sentenced to 3 years for each of his two offenses. The sentences were to run concurrently. Our holding that the Boatwrights are not guilty of conspiring to transport a stolen automobile in interstate commerce does not require us to vacate the sentence or to remand for resentencing. Frank and James Boatwright were proven guilty of conspiracy under the general conspiracy statute, and their sentences under that statute are within its permissible limits. in addition, a remand for resentencing would be a useless gesture since the sentences for conspiracy run concurrently with the sentences imposed for the substantive offenses' which we affirm in toto. See United States v. Easterly, 444 F,2d 1236 (5th Cir. 1971).
 
 
 10
 Affirmed.