UNITED STATES of America, Plaintiff-Appellee,

v.

David L. MAGGARD, Defendant-Appellant.

No. 27170.

United States Court of Appeals, Fifth Circuit.

Dec. 3, 1971.

**503**

INGRAHAM, Circuit Judge:

Appellant was tried by a jury on October 3, 1968, on an indictment charging him with smuggling seven pounds of marihuana into the United States from Mexico, transporting such marihuana knowing the same to have been illegally imported, both in violation of Title 21, U.S.C.A., Section 176a, and failing to pay the transfer tax on such marihuana in violation of Title 26, U.S.C.A., Section 4744(a) (2).

After a directed verdict was entered on the smuggling count, the jury found defendant guilty on both the transportation and transfer tax counts. The district court set sentence at ten years on each count, to run concurrently.

Defendant abandoned his original appeal, but this Court, on November 24, 1970, granted his motion to file this direct appeal out of time. We affirm.

The record before us indicates that defendant and a companion were driving in their car when stopped by border patrol officers at a checkpoint 8 miles north of Laredo, Texas, on August 3, 1968. After questioning defendant somewhat and making a cursory examination of the contents of his back seat, the border patrol officers allowed defendant to pass. As the car passed through the checkpoint the officers noticed that the rear of the car was riding low. Realizing the possibility that defendant was transporting illegal aliens into the country from Mexico, the officers followed him up the road approximately 2 miles, stopped his car, and searched his trunk. The headlights of the border patrol car were directed into the open trunk, whereupon the officers observed in plain sight a plastic bag through which they recognized particles of marihuana. The plastic bag in which the marihuana was carried had writing in Spanish on it, which indicated that the bag was from a Mexican brand of detergent. Upon demand of customs agents, defendant was unable to produce a United States Treasury transfer order form for the seized marihuana.

Vincent W. Perini, Dallas, Tex. (court appointed) for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before TUTTLE, THORNBERRY and INGRAHAM, Circuit Judges.

■■ Defendant first challenges the search which resulted in the marihuana discovery. It is undisputed that border officials are authorized to establish checkpoints within a reasonable distance from a border crossing and, without a warrant, conduct searches for contraband. *See, e. g.*, 19 U.S.C.A. § 482 (1964). In the instant case defendant contends that the search of his car cannot qualify as a border search because he had already been cleared by the agents at the checkpoint. This contention ignores clear language in United States v. Hill, 5th Cir. 1970, 430 F.2d 129, to the effect that the class of persons subject to a border search includes "persons and vehicles after they have cleared an initial customs checkpoint." A suspect is therefore not immune from further examination by customs agents merely because he may momentarily escape and pass safely through the first customs check. Thomas v. United States, 5th Cir. 1967, 372 F.2d 252. *See also* Jones v. United States, 9th Cir. 1963, 326 F.2d 124, cert. denied, 377 U. S. 956, 84 S.Ct. 1635, 12 L.Ed.2d 499 (1964). We have no trouble in concluding that this search, taking place within 2 miles and only a few minutes from the initial checkpoint and precipitated by facts appearing at the initial check, qualifies as a border search.

■■ It is clear that border officials need less cause to initiate a search than is required of law enforcement officers in other circumstances. Marsh v. United States, 5th Cir. 1965, 344 F.2d 317; Ramirez v. United States, 5th Cir. 1959, 263 F.2d 385; King v. United States, 5th Cir. 1958, 258 F.2d 754. Border searches are governed by the test of reasonable suspicion, rather than that of probable cause. United States v. Tsoi Kwan Sang, 5th Cir. 1969, 416 F.2d 306;

Walker v. United States, 5th Cir. 1968, 404 F.2d 900. Under this standard, defendant's nervousness and suspicious behavior at the checkpoint and the automobile's appearance of being weighted in the rear furnished a reasonable basis for the federal agent's search for illegal aliens in the trunk. The marihuana's location on top of the luggage in the trunk easily satisfies the "plain view" test. *See* Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

■ Defendant next contends that evidence was insufficient to convince a jury beyond a reasonable doubt of his guilt on the transportation count. This is based on his assertion that there was no evidence that the marihuana was imported. Viewing the facts as they appear most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942),[1] the record shows the following. The defendant possessed a plastic bag containing marihuana. The bag had Spanish printing on it and was later determined to be a bag from a brand of Mexican detergent. Defendant admitted obtaining the bag in Laredo, Texas from a "Mexican." These circumstances are coupled with the fact that defendant was engaged on a trip from the interior of the country to the Mexican border, across which it is common knowledge that large quantities of narcotics are smuggled daily. We find these facts sufficient to permit a jury inference that the marihuana came from Mexico and that the defendant had knowledge thereof.

Finding no error in defendant's conviction on the transportation count, under the concurrent sentence doctrine we have no reason to consider his allegations of error in regard to the transfer tax count. United States v. Boatwright,

1. The district court wisely avoided charging the jury on the presumption of importation on this count. We, therefore, are not presented with the issue of the retroactivity of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57

(1969). *See* United States v. Rodriguez Reinosa, 5th Cir. 1970, 427 F.2d 150; United States v. Pruneda, 5th Cir. 1970, 425 F.2d 1289; Walden v. United States, 5th Cir. 1969, 417 F.2d 698.

5th Cir. 1971, 446 F.2d 913 (1971); Juarez-Flores v. United States, 5th Cir. 1968, 394 F.2d 161, cert. denied, 393 U. S. 942, 89 S.Ct. 311, 21 L.Ed.2d 278.

Affirmed.