UNITED STATES of America,
Plaintiff-Appellee,

v.

George Curtis BIRD, Defendant-
Appellant.

No. 71-2832
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 29, 1972.

H. C. Hall, III, Laredo, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Anthony C. Aguilar, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Bird appeals from a jury conviction of facilitating the transportation of illegally imported marihuana, knowing the same to have been illegally imported in violation of 21 U.S.C.A. § 176a (1961). We affirm.

Bird maintains that the evidence was insufficient for the jury to infer a knowledge of illegal importation and was insufficient to show that the marihuana had actually been illegally imported. Considered in the light most favorable to the Government, the proof showed Bird knew the following facts. He was hired by a man in Albuquerque, New Mexico to travel over 800 miles to Laredo, Texas, a city on the Mexican border, to pick up a special strain of marihuana known as Acapulco Gold and transport it back to Albuquerque. Bird and a companion checked into a Laredo motel and left their pickup in the motel parking lot with the keys in the ignition. Subse-

*    Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

quently some unknown person drove off in the pickup and remained away for approximately an hour. When the truck was returned, Bird looked into the special compartment mounted on the pickup bed and observed that the Acapulco Gold was present. Bird and his companion thereupon began their journey back to Albuquerque, but were arrested at a border check point 8 miles north of Laredo. A search of the compartment revealed one hundred and sixty-eight pounds of marihuana in three Mexican coffee sacks with Spanish language markings, and in one American bag marked "Beans". This evidence was sufficient to create an issue for the jury as to whether the marihuana was illegally imported and the defendant had knowledge thereof. *See* United States v. Maggard, 451 F.2d 502 (5th Cir. 1971).

Bird next asserts that the marihuana should have been suppressed as the fruits of an illegal search and seizure. Bird contends that the immigration officials could not search the compartment without probable cause since it was not a spot likely to contain aliens. But even if it were, Bird argues that these officials could not examine the sacks since certainly no aliens could be hidden in coffee sacks. The compartment, which was six feet by three feet by twenty inches, was large enough to conceal an alien. In fact, it was the only enclosed area of the truck in which an alien could be secreted. Furthermore, once the compartment was opened and the coffee sacks came into view, these officials, who had also been commissioned as Customs Officers, had the authority to inspect the sacks. *See* United States v. Maggard, *supra.*

Finally, Bird contends that only hearsay evidence was presented at his preliminary hearing and to the grand jury. This point is without merit. *See* United States v. Klaes, 453 F.2d 1375 (5th Cir. 1972).

The judgment is

Affirmed.