**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alfredo Yruegas VALDEZ, Defendant-Appellant.**

**No. 71-1777.**

United States Court of Appeals, Fifth Circuit.

March 13, 1972.

Fred Galindo, Galindo & Davidson, Brownsville, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Edward B. McDonough, Jr., Raul A. Gonzalez, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant Alfredo Yruegas Valdez was convicted after trial by jury, on four counts of an indictment charging violation of 21 U.S.C. § 176a in connection with conspiracy to violate the section and with smuggling, receiving, concealing, facilitating the transportation, and transportation of 185 pounds of marijuana from Mexico to the United States at Brownsville, Texas.[1] His pretrial motion to suppress the evidence was denied by the District Court.

On appeal, he asserts the Trial Court erred in the following particulars: in denying his motion to suppress evidence; in finding the existence of probable cause to justify his arrest without a warrant; in finding the existence of probable cause to justify the search and seizure of contraband in the Ford automobile; in permitting the Government to request that appellant put on a blue jacket allegedly worn by him on the date of his arrest; in denying a motion for

---

1. Other defendants were mentioned in the indictment, namely, Thomas Claude Head, Jr. and Pamela Hale Head. However, appellant Valdez was tried alone, separate from the other defendants.

mistrial relative to the Government's inquiry of the witness Corina Farias relative to her identification of appellant; in failing to instruct a verdict of acquittal. Finally, appellant alleges that the evidence is insufficient to support his conviction.

We have carefully reviewed the record and we are convinced that the circumstances fully justified Valdez' warrantless arrest and the subsequent search of the Ford automobile. Appellant was seen in the residential section of Brownsville, on the date of his arrest, having taken four suitcases from a truck he was driving. The letters Monterey were on the back of the truck and it had a Mexican license plate. The suitcases were placed on the ground by Valdez, according to witnesses, and the truck left and three Anglo men in a white Ford then took the four suitcases and placed them in their automobile. This information was immediately furnished to Customs agents by eyewitnesses, and the agents learned that the Ford was registered to Tom C. Head at a Houston, Texas, address and that a Thomas Claude Head, Jr. of the same address was then out on bail on a Texas state charge for possession of heroin.[2] Appellant was arrested, his truck searched and no contraband found, but later in the day the occupants of the Ford were arrested in Brownsville and the four suitcases were seized and found to contain 185 pounds of marijuana.

■ The circumstances were sufficient "to establish a reasonable suspicion of possession of unlawfully imported merchandise and to justify the search," United States v. Salinas, 5 Cir., 1971, 439 F.2d 376, 379, and being a border search was "governed by the test of reasonable suspicion, rather than that of probable cause." United States v. Maggard, 5 Cir., 1971, 451 F.2d 502, 504.

See also United States v. Garcia and Medina, 5 Cir., 1971, 452 F.2d 419; United States v. Hill, 5 Cir., 1970, 430 F.2d 129, 130–131; Thomas v. United States, 5 Cir., 1967, 372 F.2d 252, 254–255. The transfer of suitcases in a residential area from a Mexican truck to a private Texas automobile registered in the name and address of a person who was at large on bail on a Texas state narcotics charge provided a reasonable basis for the action taken by the Customs agents in arresting appellant and later in arresting the Head defendants and searching the Ford. Prior to appellant's arrest the Customs agents also knew that the driver of the Ford automobile had registered under the name of "Charles Ford" at the Rancho Grande Motel, giving the same Houston, Texas, address as that of defendant Head who was under the pending narcotics charge. The Customs agent was justified in inferring that Thomas C. Head, Jr. was using the name Charles Ford as an assumed name. The Trial Judge held, and we agree, that the circumstances were sufficient to justify a finding that probable cause for the arrest of appellant and later of the Heads with seizure of evidence in their Ford automobile did, in fact, exist.

■ There was no error in requesting appellant to put on the blue jacket. See Granza v. United States, 5 Cir., 1967, 377 F.2d 746, cert. denied, 389 U. S. 939, 88 S.Ct. 291, 19 L.Ed.2d 292 (1967). We discern no abuse in the Trial Judge's discretion in denying motions for judgment of acquittal, mistrial, in his ruling on the questioning of Corina Farias, etc. Nor do we agree that the evidence was insufficient to justify a conviction. In our view the evidence was more than ample to support the jury verdict.

Affirmed.

2. It is of no significance, in the ultimate outcome of this case, that it developed that Tom C. Head to whom the vehicle was actually registered, was dead, and that it was not until later that the agents learned that Thomas Claude Head, Jr., who was indicted here, was his son.