Juan Manuel **ROMAN–MORALES,**
Petitioner-Appellee,

v.

**UNITED STATES** of America,
Respondent-Appellant.

No. 30334.

United States Court of Appeals,
Fifth Circuit.
April 26, 1972.

Seagal V. Wheatley, U. S. Atty., El Paso, Tex., Ralph E. Harris, Asst. U. S. Atty., for respondent-appellant.

Alan V. Rash, El Paso, Tex., for petitioner-appellee.

Before WISDOM, THORNBERRY and DYER, Circuit Judges.

PER CURIAM:

In 1967 Juan Manuel Roman-Morales was convicted of conspiring to import marihuana into the United States in vio-

**22**

lation of 21 U.S.C. § 176a and receiving, concealing, and transporting marihuana, knowing it to have been illegally imported, in violation of 21 U.S.C. § 176a. He was sentenced to serve two concurrent prison terms of fifteen years each. On direct appeal this Court affirmed his conviction. *See* Juarez-Flores et al. v. United States, 5 Cir. 1968, 394 F.2d 161.

In 1970 Roman-Morales filed in the sentencing court a motion under 28 U.S.C. § 2255 to set aside his conviction. In his motion he argued that the Supreme Court's 1969 holding in *Leary* [1] that the presumption in 21 U.S.C. § 176a [2] is unconstitutional should be given retroactive effect. [3] On the basis of the Ninth Circuit's *en banc* decision in United States v. Scott, 9 Cir. 1970, 425 F.2d 55, the district court agreed and set aside the conviction. The Government appealed.

This Court has now joined the Ninth Circuit in holding that *Leary* is to be applied retroactively. *See* Vaccaro v. United States, 5 Cir. 1972, 461 F.2d 626. On the authority of *Vaccaro*, we affirm the judgment of the district court. [4]

Affirmed.

1. Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57.

2. The relevant portion of 21 U.S.C. § 176a provides as follows:
   Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his posession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury.

3. The original trial record in this case reveals that the court charged the jury as follows:
   In connection with the allegation of unlawful importation of the marihuana into the United States contrary to law I charge you that the law permits you to draw an inference from the possession of marihuana by a person that it was brought into the United States contrary to law—in other words, that it was smuggled into the United States. . .

   If you find and believe from the evidence beyond a reasonable doubt that one of the defendants had possession of the marihuana, the law permits you to draw the inference that marihuana was illegally imported into this country. That is an inference which may be rebutted. . . . You are the ones to say whether or not there is rebuttal evidence of this inference that you are permitted to draw to the effect that if a person had possession of marihuana it was imported into this country contrary to law and that he knew it was so imported.

4. In both the district court and here on appeal the Government has argued that Roman-Morales waived his right to raise the *Leary* issue and that any error in the trial court's use of the § 176a presumption was harmless beyond a reasonable doubt. The district court rejected those contentions. So do we.