UNITED STATES of America,
Plaintiff-Appellee,

v.

Oscar Pequeno DE LEON, Defendant-
Appellant.

No. 72–1052

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 6, 1972.

Alan Brown, San Antonio, Tex., Richard G. Morales, Jr., Laredo, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Edward B. McDonough, Jr., Anthony C.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Aguilar, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

WISDOM, Circuit Judge:

Oscar Pequeno de Leon was indicted on one count for possession of heroin in violation of 21 U.S.C. § 841(a) (1) and on two counts for illegal importation of heroin in violation of 21 U.S.C. §§ 952(a), 957(a) (1), and 960(a) (1). He was brought to trial on the possession count and on only one of the importation counts. A jury found de Leon guilty on the possession count, and he was sentenced to a term of fifteen years imprisonment. We affirm.

The vehicle de Leon was driving was stopped by Immigration officers at a checkpoint on a main highway leading north from Laredo, Texas, approximately ten miles from the Mexican border. The purpose of the agents' action was to search for illegal aliens. De Leon was requested to open the trunk of his vehicle. The trunk contained a false bottom. When a small hole was punched in the false bottom, one of the officers detected what he thought to be the smell of marihuana. The agents opened the false bottom where they found three one-pound packages of heroin and a pistol.

On appeal, de Leon challenges the legality of the search of his vehicle and the admission of evidence seized as a result of the search. We conclude that the search was a reasonable and permissible "border search" and that the evidence was properly admitted. See United States v. McDaniel, 5 Cir. 1972, 463 F.2d 129; United States v. Bird, 5 Cir. 1972, 456 F.2d 1023 [1972]; United States v. Maggard, 5 Cir. 1971, 451 F.2d 502; American Law Institute Model Code of Pre-Arraignment Procedure, Off. Dr. No. 1, § 260.2; Barnett, A Report on Search and Seizures at the Border, 1 Crim.L.Q. 36 (1963); Note, Search and Seizure at the Border, 21 Rutgers L.Rev. 513 (1967); Note, 10 Ariz.L.Rev. 457 (1968); Note, 77 Yale L.J. 1007 (1966); Note, 115 U.Pa.L.Rev. 276 (1966).

Stopping the automobile ten miles from the Mexican border to search for illegal aliens was reasonable. See United States v. McDaniel, supra; United States v. Warner, 5 Cir. 1971, 441 F. 2d 821; Marsh v. United States, 5 Cir. 1965, 344 F.2d 317, 8 U.S.C. §§ 1225, 1357; 19 U.S.C. §§ 482, 1581, 8 C.F.R. § 287.1; 19 C.F.R. §§ 23.1(d), 23.11. Once the vehicle was reasonably stopped pursuant to an authorized border check the agents were empowered to search the vehicle, including the trunk, for aliens. See Ramirez v. United States, 5 Cir. 1959, 263 F.2d 385; United States v. Miranda, 9 Cir. 1970, 426 F.2d 283. Upon discovering the "immediately apparent" false bottom in the trunk, the agents could reasonably search the cavity for illegally imported narcotics. "Border Patrol agents wear two hats, one as an immigration officer and the other as a customs officer." United States v. McDaniel, supra. See United States v. Bird, supra. The agent testified at trial that he had had a similar experience in a vehicle that contained a large quantity of marihuana. Given the suspicious false bottom on a vehicle near the Mexican border and the agent's awareness of the large quantity of narcotics smuggled across the border in that area, the officers had reason to suspect that the vehicle contained illegal narcotics. See 19 U.S.C. § 482; United States v. Valdez, 5 Cir. 1972, 456 F.2d 1140; United States v. Salinas, 5 Cir. 1971, 439 F.2d 376; United States v. Maggard, supra. Because the search was reasonable, the evidence as a result of the search was properly admitted at trial. Border searches are authorized "irrespective of the existence of reasonable cause to believe that there are seizable things in the . . . vehicle" provided that such searches shall be "in accordance with reasonable legislative or administrative standards . . . and reasonable under the circumstances of the particular case". American Law Institute Model Code of Pre-Arraignment Procedure, Proposed Official Draft No. 1., § 260.2(2).

De Leon also asserts that a traffic ticket, introduced at trial to prove,

contrary to the defendant's assertion, that de Leon had previously driven the vehicle in which the narcotics were found, was not furnished to him prior to trial. De Leon did not, however, secure a ruling on a motion for discovery which might have entitled him to production of the traffic ticket. The ticket was not, of course, "evidence favorable to an accused . . . material either to guilt or to punishment" so as to fall within the requirements of Brady v. Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed.2d 215.

Finally, de Leon argues that the trial judge erred in refusing to grant his motion for judgment of acquittal when it was discovered after the verdict that one of the jurors was under indictment. *See* 28 U.S.C. § 1865(b) (5). This contention would not entitle de Leon to a new trial, much less a judgment of acquittal. *See* Atlas Roofing Mfg. Co. v. Parnell, 5 Cir. 1969, 409 F. 2d 1191; Ford v. United States, 5 Cir. 1953, 201 F.2d 300.

The judgment is affirmed.