**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George Truett SETTLES, Jr.,
Defendant-Appellant.**

No. 73-1373
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 21, 1973.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

———◆———

Patrick A. Robertson, Dallas, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

AINSWORTH, Circuit Judge:

Settles appeals his conviction for possession with intent to distribute 288 pounds of marijuana. He contends that border patrol agents have no authority to search for drugs, that the evidence against him obtained by such a search should have been excluded, and that statements he made after he was given Miranda[1] warnings should have been excluded at trial. We affirm his conviction.

Border patrol agents in Laredo, Texas, observed brick-shaped objects inside burlap bags in the back of the pickup truck Settles was driving. They ques-

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

tioned Settles, inspected the burlap bags, found marijuana, arrested Settles, and gave him *Miranda* warnings. He then told them that he had purchased the approximately 300 pounds of marijuana contained in the burlap bags.

Settles' argument that the border patrol agents had no authority to search for drugs was disposed of in United States v. Thompson, 5 Cir., 1973, 475 F. 2d 1359. There we explained that "[b]y a series of proper delegations, border patrol officers have been designated by the Treasury Secretary as customs agents." After setting forth those regulations, we continued:

> By letter/order of the Assistant Commissioner of the Bureau of Customs, dated July 14, 1971, all special agents were required to designate all current border patrol officers and future appointees as acting customs patrol officers.

> This Court has often recognized that a border patrol officer may be validly authorized to act simultaneously as a customs agent.

475 F.2d at 1362. *See generally* United States v. Wright, 5 Cir., 1973, 476 F.2d 1027; United States v. McDaniel, 5 Cir., 1972, 463 F.2d 129; United States v. Bird, 5 Cir., 1972, 456 F.2d 1023; United States v. Maggard, 5 Cir., 1971, 451 F.2d 502.

Border patrol agents are authorized to act as customs agents; thus, the officers here clearly acted within their authority. The district judge did not consider that their action constituted a search of the vehicle; rather, he reasoned that the officers saw what they believed to be the commission of a felony—the transportation of contraband— and acted to prevent further violation of the law. We hold that under the circumstances the border patrol agents' action was reasonable and the evidence they obtained was admissible at trial.

As counsel for the appellant says, the *Miranda* decision "speaks for itself." Consequently, his allegation that Settles' post-*Miranda* statements should have been excluded escapes our comprehension.

Affirmed.