**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Daniel CHIARITO, Defendant-Appellant.**

**No. 74–2951**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1975.

Rehearing Denied March 6, 1975.

Ronald I. Strauss, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Donald L. Ferguson, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Appellant was convicted of importing cocaine in violation of 21 U.S.C. 952(a)

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

and of possessing cocaine for distribution in violation of 21 U.S.C. 841(a)(1). He received concurrent four year sentences with a three year special parole term on each count. We find no merit in the appellant's contention that the district court erred in failing to suppress as evidence cocaine obtained as the result of an alleged illegal search and seizure. We affirm.

On April 3, 1974 the appellant, enroute from Colombia, South America to Chicago, entered the United States Customs inspection area at the Miami International Airport. After successfully passing through the baggage checkpoint, but before he exited the Customs inspection area, the appellant was stopped by a customs patrol officer escorted to an inspection room and frisked. The patrol officer found a small amount of cocaine wrapped in a dollar bill in the appellant's vest pocket. Subsequent x-rays of appellant's personal effects revealed more cocaine hidden in the heels of his shoes.

The searches conducted by customs inspectors and customs patrol officers are, of course, limited by the Fourth Amendment's prohibition against unreasonable searches and seizures. However, in the context of searches conducted pursuant to the customs and immigration laws,[1] the strictures of the Fourth Amendment are ameliorated by considerations attending the regulation of movement across national borders. United States v. McDaniel, 463 F.2d 129 (5th Cir. 1972). Stated differently, customs inspectors may predicate searches on less than the "probable cause" required in different circumstances: "Border searches are governed by the test of reasonable suspicion, rather than that of probable cause." United States v. Maggard, 451 F.2d 502, 504 (5th Cir. 1971). The question on appeal is, then, whether the activities of the appellant provided the patrol officer with a reasonable basis for conducting the disputed search. In arguing that the officer had no reasonable basis to conduct a search the appellant places great weight on the fact that he had successfully negotiated the baggage checkpoint. As earlier indicated, he had not departed from the customs inspection area of the international airport. The appellant is apparently contending that his successful passage through the baggage line tolled any prior existing suspicion of the customs patrol officer and that any later search must be based on some additional suspicious behavior in order to be reasonable.[2] The appellant's position is legally untenable and is based on a conception of the customs process unsupported by facts in the record.

The customs inspection process in question involves both customs patrol officers and customs inspectors. The inspector is stationed so that he may check the luggage of incoming passengers while the patrol officer is part of a plainclothes roving inspection team. The patrol officers mingle with deplaning passengers both before and after they pass through the inspector's checkpoint. The inspector may, in the event his suspicion is aroused, signal a patrol officer to conduct a further search subsequent to the luggage check or a patrol officer may of his own volition conduct an additional search. The record clearly shows that the baggage check is only one aspect of the customs inspection process. The inspector testified that, " . . . the inspector in the booth cannot see the passenger completely. All he can see is from the waist up, and anything that's in front of you, with the baggage in front of you, you can't exactly see the complete posture of the man or woman in front of you. You have to depend on somebody else to do that for you. If we

---

1. 19 U.S.C. § 482 is the statute relevant to this case.

2. United States v. Maggard, 451 F.2d 502 (5th Cir. 1971), cited for this proposition by the appellant is inapposite. In *Maggard* the patrol agents did not have a reasonable suspicion on which to base a search until they noticed the rear of the vehicle was riding low as the driver moved away from their check point. In the instant case the customs patrol officer could have reasonably searched the appellant before he passed through the luggage line. He needed no additional suspicious behavior in order to form a sufficient basis for a search.

see it, we refer it." In any event a suspect is not immune from further examination by customs agents by virtue of having passed an initial customs checkpoint. United States v. Maggard, 451 F.2d 502 (5th Cir. 1971). The pertinent legal issue is always whether the inspectors or the officers have a reasonable basis on which to conduct a search and this question is unaffected by the progress of the passenger through the customs process.

Customs Patrol Officer Payette, a man with more than three years of customs experience, indicated that the basis for his search consisted of the nervous appearance and actions of the appellant as well as the bulky nature of appellant's vest. Payette also testified that the origin and ultimate destination of appellant's flight increased his suspicion. The officer also stated that at the time he took the appellant into custody he suspected the appellant's cameras might be subject to duty. We believe that the actions of the customs patrol officer were reasonable under the facts and in the circumstances revealed by the record. See, e. g., United States v. McDaniel, 463 F.2d 129 (5th Cir. 1972); United States v. Maggard, 451 F.2d 502 (5th Cir. 1971).

Affirmed.