**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George Darryl HENRIQUEZ, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carol Ann BUCHHOLZ and Charles Lane Martin, Defendants-Appellants.**

**Nos. 72–3645, 73–1060
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 1973.

Certiorrai Denied Dec. 10, 1973.

See 94 S.Ct. 728.

---

---

Theodore J. Sakowitz, Federal Public Defender, Miami, Fla., for Buchholz and Martin.

Barry L. Garber, Miami, Fla., for Henriquez.

Robert W. Rust, U. S. Atty., Harold F. Keefe, Michael Sullivan, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

The appellants' primary point of error on appeal is that the lower court improperly admitted into testimony over their objections marihuana seized during a customs inspection on Dodge Island, Port of Miami, on May 27, 1972. Appellants contend that there was no probable cause for 'search of the car in which they were riding.

This court has repeatedly held that border searches may be made without probable cause on the basis of mere suspicion alone, although they are restricted by the constitutional requirement of reasonableness.[1] United States

---

* Rule 18, 5 Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. This court is aware of the recent decision in Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596, opinion dated June 21, 1973, and finds that it does not apply to the present case.

v. Brioneṣ, 5 Cir. 1970, 423 F.2d 742; United States v. Rodriguez, 5 Cir. 1961, 292 F.2d 709; United States v. Maggard, 5 Cir. 1971, 451 F.2d 502; United States v. Hill, 5 Cir. 1970, 430 F.2d 129.

 Furthermore, any individual who has direct contact with the border area is a member of a class of persons where search is allowed if customs officials' suspicions are aroused. United States v. Glaziou, 2 Cir. 1968, 402 F.2d 8, cert. den. 393 U.S. 1121, 89 S.Ct. 999, 22 L. Ed.2d 126 (1969).

This court, upon review of the record below, finds appellants' other contentions of error to be without merit. The district court in all respects is

Affirmed.