UNITED STATES of America,
Plaintiff-Appellee,

v.

**C. W. DEATON, Defendant-Appellant.**

No. 77–5257

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 23, 1977.

Rehearing Denied Dec. 27, 1977.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York* et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Vincent Perini, Dallas, Tex. (Court-appointed), for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, H. Jay Ethington, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before GOLDBERG, RONEY and FAY, Circuit Judges.

PER CURIAM:

Deaton was convicted by a jury on all sixteen counts of an indictment which included conspiracy, mail fraud, and the interstate transportation of securities taken by fraud. He contends on appeal that the proceedings resulting in his extradition from Germany preclude prosecution for the crime of conspiracy and that the district court's charge to the jury permitted a verdict of guilty on the substantive counts of the indictment based upon a finding of guilt on the conspiracy charges. We affirm Deaton's conviction on the substantive charges without reaching the extradition issue.

The trial court charged the jury that:

It is not necessary to prove that the accused personally did every act constituting the offense charged.

As a general rule, whatever any person is legally capable of doing himself, he can do through another as his agent. So, if the acts or conduct of an employee or other agent are willfully ordered or directed, or willfully authorized or consented to by the accused, then the law holds the accused responsible for such acts or conduct the same as if personally done by the accused.

This charge did not instruct the jury that a finding of guilt on the substantive counts could be based upon a finding of guilt on the conspiracy count. Rather, it constituted a submission of the substantive counts to the jury on an agency theory. Such an instruction was proper, see *United States v. Windom*, 510 F.2d 989, 994 (5th Cir.), *cert. denied*, 423 U.S. 863, 96 S.Ct. 121, 46 L.Ed.2d 91 (1975), and Deaton's conviction on the substantive counts is therefore affirmed.

Because appellant's conspiracy conviction resulted in a five year term of imprisonment to be served concurrently with two sets of fifty year sentences received on the substantive counts, even if Deaton's conspiracy conviction were reversed, the remaining counts, and hence the fifty year sentence, would stand. *See United States v. Fuiman*, 546 F.2d 1155, 1157–58 (5th Cir. 1977). We therefore need not reach the extradition issue.

The judgment below is

AFFIRMED.