**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Steven Wayne CLAY,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Rick R. WILEY, Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Juan Villanueva REYES,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Vincente ARREDONDO, Jr.,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Franklin Pierce BARBEE,**
**Defendant-Appellant.**

**Nos. 78–5142, 78–5206, 78–5107,**
**78–5009 and 77–5651**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 13, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York*, 5 Cir., 1970 431 F.2d 409, Part I.

Steven Wayne Clay, pro se.

Archibald C. McColl, Court-Appointed, Dallas, Tex., for defendant-appellant Clay.

J. A. Canales, U. S. Atty., John M. Potter, George A. Kelt, Asst. U. S. Attys., Houston, Tex., and Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., for United States in all cases.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for United States in Nos. 78–5142, 78–5107, 78–5009 and 77–5651.

John M. Potter, Asst. U. S. Atty., Houston, Tex., for United States in Nos. 78–5142 and 78–5009.

Ramon Garcia, Edinburg, Tex., for defendant-appellant Wiley.

Anna E. Stool, Asst. U. S. Atty., Houston, Tex., for United States in Nos. 78–5206 and 78–5107.

Roberto J. Yzaguirre, McAllen, Tex., for defendant-appellant Reyes.

Homer Salinas, Mercedes, Tex., Phil Harris, Weslaco, Tex., for defendant-appellant Arredondo.

Max J. Luther, III, Corpus Christi, Tex., for defendant-appellant Barbee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

GODBOLD, Circuit Judge:

These cases are decided together because all have a common issue, whether a checkpoint on U.S. highway 77 approximately 14 miles south of Sarita, Texas, is the functional equivalent of the border.

### U. S. v. Clay, No. 78–5142

Appellant's car was searched after it was stopped at a checkpoint on U.S. highway 77 approximately 14 miles south of Sarita, Texas. Evidence was obtained from the car on the basis of which appellant was convicted of possession of marijuana. The search was valid under the Fourth Amendment if the checkpoint is the functional equivalent of the border between the United States and Mexico. The district court held it is the functional equivalent. We affirm that finding and thus affirm the conviction.

The district judge heard testimony from a border patrol officer who had worked at both the "old" location of the Sarita checkpoint, five miles south of Sarita, and the "new" location 14 miles south of Sarita. The officer explained that the location was moved because highway 77 was widened to accommodate four lanes of traffic at the "old" location and a new roadside park was constructed nearby. He testified that there are no intersecting roads or communities between the former and present checkpoint locations and that the terrain is the same at both locations. He described the improvements and more permanent facilities at the new location. The facility at the old checkpoint was a mobile van, while the new location has a 50-foot trailer set on concrete blocks, with its wheels removed and tied down to protect it from high winds. The new location has an improved lighting system, better telephone facilities, more adequate sanitary facilities, and a better holding cell for prisoners. Other than these changes, the officer testified, the old and new checkpoint locations are the same.

Also the district judge took judicial notice of findings entered by him in another case in the same court concerning the location, justification and other physical aspects of the old checkpoint. Finally, the judge found that there are similar checkpoints located elsewhere in Texas that have been judicially determined to be functional equivalents of the border. Based on the foregoing data concerning the old location, data concerning the new location, their rel-ative locations and similarities and differences between them and judicial holdings concerning other checkpoints located elsewhere in Texas, the district judge concluded that the new 14-mile checkpoint is the functional equivalent of the border.

■ The district judge did not err in considering, under the rubric of judicial notice, the prior judicial determinations made in the same court but in another case concerning the old Sarita checkpoint. In that other case the court considered in detail the highway network, demographic pattern, volume of traffic over highway 77 and the physical nature of the old checkpoint.

■ The appellant urges that this combination of prior findings, fresh testimony and decisions in other cases does not sufficiently support findings on the critical criteria for determining whether a checkpoint is the functional equivalent of the border. We need not address that issue because our decision is clearly mandated by intervening events. Since the district judge entered his order this court has held in *U. S. v. Reyna*, 572 F.2d 515 (CA5, 1978), that the old Sarita checkpoint was the functional equivalent of the border. The facts developed in the present case by both judicial notice and fresh testimony, with the gloss of *Reyna* on them, establish that the new Sarita location is also the functional equivalent of the border. The new location is even more clearly permanent than the old. It is approximately nine miles further south, toward the Mexican border. From Sarita, highway 77 runs approximately 49 miles due south before reaching the next town and in that stretch is crossed by no east-west road of sufficient size to be on the Texas Highway Department road map and joins no other north-south road. This is simply an *a fortiori case* from *Reyna*, which discussed in detail the considerations of minimum interdiction and practical necessity relating to the old checkpoint. Nothing in the record tends to support any inference that there is any material difference between the old Sarita checkpoint and the new Sarita checkpoint which tends to make the new location not the functional equivalent of the border. Such differences as there are nail down

even more firmly the functional equivalence of "new Sarita."

AFFIRMED.

*U. S. v. Wiley, No. 78–5206*
*U. S. v. Reyes, No. 78–5107*
*U. S. v. Arredondo, No. 78–5009*

In each of these cases the only significant issue is whether the checkpoint is the functional equivalent of the border. *Clay* controls the decision in each case. The convictions are AFFIRMED.

*U. S. v. Barbee, No. 77–5651*

■ This case presents an additional issue. The jury for appellant's trial was selected 16 days before trial. Appellant has not shown that in the interim any juror served on a case similar in fact or legal issue or in which the same government witnesses testified. Thus *U. S. v. Mutchler*, 559 F.2d 955 (CA5, 1977), has no application. *Cf. U. S. v. Eldridge*, 569 F.2d 319 (CA5, 1977). The conviction is AFFIRMED.