GOVERNMENT OF the CANAL ZONE,
Plaintiff-Appellee,

v.

Thomas Petter EULBERG,
Defendant-Appellant.

No. 78–5286
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 16, 1978.

Ivan Fisher, Joseph H. Adams, New York City, for defendant-appellant.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Frank J. Violanti, U. S. Atty., Balboa, Canal Zone, Mervyn Hamburg, Sp. Asst. U. S. Atty., Washington, D. C., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Appellant Eulberg was convicted of possession of cocaine, importation of cocaine, and possession of cocaine with intent to distribute,[1] and was sentenced to concurrent terms of one, ten, and ten years respectively.[2] He appeals his conviction claiming that the search of his vehicle during which the bulk of the cocaine was discovered was invalid under the Fourth Amendment. Because we find the examination of the vehicle justified as a border search, we affirm.

On August 24, 1977, a Chevrolet van transported from Peru was unloaded from a vessel at the Port of Balboa, Canal Zone. That afternoon the vehicle was examined by customs officials pursuant to 19 U.S.C. § 482 and 2 C.Z.C. § 762, and a customs criminal investigator found a plastic vial containing a small quantity of cocaine concealed in the ashtray area. The officials replaced the vial and placed the van under twenty-four hour surveillance. When Eulberg claimed the vehicle on September 2, 1977, he was arrested and the van was searched more thoroughly; as a result, five and one-half (5½) kilograms of cocaine were discovered in a butane tank under the van.

Eulberg contends that all evidence obtained during the second search of the van, conducted more than a week after the vehicle had first been examined, must be suppressed because the search was invalid; it was neither a permissible border search nor was a warrant obtained. There are two reasons why this argument must fail.

We first note that, because Eulberg does not assail the validity of the initial customs search resulting in the discovery of the vial containing cocaine, he presents no grounds for challenging his conviction on Count 1, simple possession of cocaine, or Count 2, unlawful importation. While the quantity of cocaine obtained in the second search may have had a bearing on his conviction under Count 3, equal concurrent sentences were imposed under Counts 2 and 3; therefore, under the concurrent sentence doctrine, we may in our discretion decline to address Eulberg's attack on the validity of his conviction under Count 3. *See, e. g., Barnes v. United States,* 1973, 412 U.S. 837, 848 n. 16, 93 S.Ct. 2357, 2364, 37 L.Ed.2d 380, 389; *Hirabayashi v. United States,* 1943, 320 U.S. 81, 85, 63 S.Ct. 1375, 1378, 87 L.Ed. 1774, 1778; *United States v. Juarez,* 5 Cir. 1978, 573 F.2d 267; *United States v. Deaton,* 5 Cir. 1977, 563 F.2d 777; *United States v. McDowell,* 5 Cir. 1976, 539 F.2d 435; *United States v. Bowman,* 5 Cir. 1974, 502 F.2d 1215; *United States v. Laite,* 5 Cir. 1969, 418 F.2d 576.

Moreover, Eulberg's constitutional claim itself lacks merit. This court has frequently recognized the broad authority granted customs officials to stop and search persons and vehicles suspected of carrying contraband into the United States at international borders. *See, e. g., United States v. Henriquez,* 5 Cir. 1973, 483 F.2d 65, 65–66, *cert. denied,* 1973, 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed.2d 553; *United States v. Martinez,* 5 Cir. 1973, 481 F.2d 214, 217–18, *cert. denied,* 1974, 415 U.S. 931, 94 S.Ct. 1444, 39 L.Ed.2d 489; *United States v. McDaniel,* 5 Cir. 1972, 463 F.2d 129, 132, *cert. denied,* 1973, 413 U.S. 919, 93 S.Ct. 3046, 37 L.Ed.2d 1041; *United States v. Hill,* 5 Cir. 1970, 430 F.2d 129, 130–31. Such warrantless border searches comport with the requirements of

1. Violations of 21 U.S.C. §§ 844(a), 952(a), and 841(a)(1).

2. Appellant was also given a special parole term of three years each for Counts 2 and 3 to run concurrently. Although appellant in his brief maintains that he was sentenced to three consecutive terms of imprisonment totalling 21 years, the Judgment Order clearly states that the sentences shall run concurrently with each other.

the Fourth Amendment, *see United States v. Ramsey*, 1977, 431 U.S. 606, 97 S.Ct. 1972, 52 L.Ed.2d 617; *Carroll v. United States*, 1925, 267 U.S. 132, 153–54, 45 S.Ct. 280, 285, 69 L.Ed. 543, 551–52, and may be based on mere suspicion. *See United States v. Henriquez, supra; United States v. Maggard*, 5 Cir. 1971, 451 F.2d 502, *cert. denied*, 1972, 405 U.S. 1045, 92 S.Ct. 1330, 31 L.Ed.2d 587; *United States v. Briones*, 5 Cir. 1970, 423 F.2d 742, *cert. denied*, 1970, 399 U.S. 933, 90 S.Ct. 2270, 26 L.Ed.2d 804.

The border search did not necessarily cease with the preliminary examination of the van. In *United States v. Cristancho-Puerto*, 5 Cir. 1973, 475 F.2d 1025, *cert. denied*, 1973, 414 U.S. 869, 94 S.Ct. 181, 38 L.Ed.2d 115, we upheld as a border search the fourth warrantless search made of an alien who had been held in continuous custody by customs officials, conducted a week after his physical entry into the country. In that case, the alien was admitted on discretionary parole, pursuant to authority given the Attorney General by 8 U.S.C. § 1182(d)(5); the statute specifies that the parole should not be regarded as an admission of the alien. We found the alien who was being held in physical custody by entry officials, "having never for a moment been allowed to move about free of custody, continues to stand at the border for customs and border search purposes," 475 F.2d at 1028. As we stated in *United States v. Warner*, 5 Cir. 1971, 441 F.2d 821, 832–33, *cert. denied*, 1971, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58:

> [S]imply because Customs agents inspected a person or his vehicle at the crossing point does not mean that they may not conduct a second border search within the immediate vicinity of the crossing point: a person is not immune from further examination by Customs agents "merely because he 'may momentarily escape detection and pass safely through the first Customs check.'"

**3.** Appellant's reliance on *United States v. Chadwick*, 1977, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538, is misplaced. The crucial distinction between *Chadwick* and the case at bar is that *Chadwick* did not involve a border search. As we noted in *United States v. Warner, supra,*

*See also United States v. Maggard, supra; Morales v. United States*, 5 Cir. 1967, 378 F.2d 187; *Thomas v. United States*, 5 Cir. 1967, 372 F.2d 252. Here, Eulberg failed to pass through even the first check unscathed. The van was in the continuous possession of customs agents, and was never moved more than two miles from the border. Under these circumstances, the second examination of the vehicle was still a valid border search, and the evidence obtained thereby was admissible against Eulberg.[3]

AFFIRMED.

441 F.2d at 832, "many searches that would be unreasonable if conducted by police officers in the ordinary case are nevertheless reasonable if conducted by Customs agents in lawful pursuit of illegal imports."