**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Sandy BENDER and Oliver Workman,**
**Defendants-Appellants.**

No. 78–5386
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1979.

J. Ronald Vercher, Houston, Tex., for Bender.

Ellis C. McCullough, Houston, Tex., for Workman.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Sandy Bender and Oliver Workman were found guilty by a jury of possession of 45 pounds of marijuana. The sole issue on appeal is the legality of the search and seizure of 19 pounds of marijuana found in a car in which Bender and Workman were passengers and the legality of the search and seizure of 45 pounds of marijuana from another car for which they were here convicted.

We assume without deciding that both defendants had standing to contest both searches. *But see Rakas v. Illinois,* —— U.S. ——, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

The Government presented the testimony of two border patrol agents at the suppression hearing. They were operating the checkpoint located 14 miles south of Sarita, Texas (Sarita II) around 7:10 p. m. on October 12, 1977. A 1974 Thunderbird (first vehicle) was stopped. Defendants were riding as passengers and another person was driving. During questioning as to citizenship, the occupants indicated they were traveling to El Campo, Texas. The agent noticed that the vehicle had a CB antenna, indicating the presence of a CB radio. He detected a faint odor of marijuana. Upon request the driver opened the trunk. The agent observed a small suitcase and an open box of laundry soap, but, upon detecting no increased scent of marijuana, he allowed the vehicle to proceed northward from the checkpoint.

A few minutes later the next vehicle, a 1973 Chevrolet Chevelle (second vehicle), arrived at the checkpoint. In inquiring as to citizenship, the agent learned that the driver, the sole occupant of the car, was also headed for El Campo. The agent detected an even stronger odor of marijuana and requested the driver to open the trunk. The trunk contained marijuana seeds and two suitcases. Upon opening the suitcases, the agent found the 45 pounds of marijuana which formed the basis for this indictment.

While the agent was securing the driver of this second car, his partner was pulling the automobile off the highway. While he was moving the car, he heard a garbled transmission saying "flip it" over Channel 6 of the CB radio, which was on. When told of the garbled transmission, the agent immediately thought about the first vehicle and told his partner to stop it and have it return to the checkpoint. The first vehicle was stopped approximately five miles north of the checkpoint and, on order, returned to the checkpoint. The CB radio was found to be tuned to Channel 6. A subsequent search of the trunk of this car revealed an additional 19 pounds of marijuana concealed in the small suitcase. The defendants and the driver were then placed under arrest.

The agent testified that there were four reasons for ordering the second stop of the first vehicle: (1) the previous detection of marijuana odor; (2) the CB transmission which Hughes overheard; (3) the fact that both cars were traveling to El Campo; and (4) the use of CB Channel 6 was highly unusual, since most transmissions in that vicinity were made on Channel 19.

Defendants contend the district court committed reversible error in overruling their motions to suppress the marijuana seized in both vehicles. They further contend that probable cause was required for the searches of both cars and that, in both instances, probable cause did not exist.

This Court has found Sarita II to be the functional equivalent of the border. *United States v. Clay,* 581 F.2d 1190, 1192 (5th Cir. 1978). Border agents may conduct searches at the border or its functional equivalent, neither probable cause nor reasonable suspicion being required. *Government of Canal Zone v. Eulberg,* 581 F.2d 1216, 1217–18 (5th Cir. 1978); *United States v. Moreno,* 579 F.2d 371, 372 (5th Cir. 1978). The search of the Chevelle (second vehicle) was clearly authorized, especially in view of the fact that the odor of marijuana was detected. *See United States v. McLaughlin,* 578 F.2d 1180, 1183 (5th Cir. 1978);

202

*United States v. Fontecha*, 576 F.2d 601, 603 (5th Cir. 1978).

Defendants argue that the border patrol agents lacked probable cause to stop the first vehicle (Thunderbird) after it had proceeded past the checkpoint.

The cases hold that probable cause is not required to make a second stop after a smuggling suspect momentarily passes safely through the first customs check, "reasonable suspicion" being sufficient. *See Eulberg* at 1218; *United States v. Maggard*, 451 F.2d 502, 504 (5th Cir. 1971), *cert. denied*, 405 U.S. 1045, 92 S.Ct. 1330, 31 L.Ed.2d 587 (1972); *United States v. Warner*, 441 F.2d 821, 832–33 (5th Cir.), *cert. denied*, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971); *Morales v. United States*, 378 F.2d 187, 190 (5th Cir. 1967).

The facts in this case justified an assumption that the first and second vehicles were traveling in tandem. *Cf. United States v. Saenz*, 578 F.2d 643, 646–47 (5th Cir. 1978); *United States v. Villarreal*, 565 F.2d 932, 936–37 (5th Cir. 1978); *United States v. Barnard*, 553 F.2d 389, 392 n. 5 (5th Cir. 1977). The discovery of marijuana in the trunk of the second vehicle, coupled with the assumption that the vehicles were traveling in tandem, gave the agents a reasonable suspicion that the first vehicle was involved in illegal activity. After the first vehicle had returned to the checkpoint, but prior to the search, the agent confirmed that the CB in the first vehicle was tuned to Channel 6 and had probably sent the transmission which was overheard. Coupled with the previous facts known to him, the agent had probable cause to conduct a second search of the first vehicle's trunk. *Cf. United States v. Gaultney*, 581 F.2d 1137, 1142 & n. 4 (5th Cir. 1978).

AFFIRMED.