**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Andres Iraneo TORRES, Defendant-Appellant.**

**No. 78–5459**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 23, 1979.

Rehearing Denied April 17, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Homer Salinas, Mercedes, Tex., Phil Harris, Weslaco, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., John Potter, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert Berg, Asst. U. S. Atty., Corpus Christi, Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

After non-jury trial appellant was found guilty of possession of 167 pounds of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He appeals asserting error in the failure of the district judge to exclude from evidence the marijuana discovered in his automobile, contending that the search for and seizure of same violated the Fourth Amendment.

The incident under investigation took place just south of the Sarita, Texas, Border Patrol checkpoint which has been found to be the functional equivalent of the Border. *U. S. v. Clay,* 581 F.2d 1190, 1192 (5th Cir. 1978). While the functional equivalent of the Border, the Sarita checkpoint is not always open and in operation. When it is operating, warning signs are displayed south of the checkpoint and, frequently, traffic backs up south of the checkpoint. From a point in the area of a bridge on the highway about three-fourths of a mile south of the checkpoint, one can determine by looking for the signs and traffic whether or not the checkpoint is operating although a motor vehicle at that bridge area cannot be seen by the officers manning the checkpoint.

Border Patrol Officers Flores and Christiansen were, on January 12, 1978, on duty working as back-up officers to the Sarita checkpoint and were about one mile south of the checkpoint on the highway looking for signs of persons evading the checkpoint. They saw appellant's automobile, which had been northbound, turning around at the bridge area so as to travel southbound and not continue its northbound movement to the checkpoint. The checkpoint was then operating. By making the turn and reversing direction, the vehicle and its driver avoided reaching the Sarita checkpoint during a time when it was in operation though it approached within about three-fourths of a mile within its physical location.

Observing this apparent evasion Flores and Christiansen pursued the vehicle for about one mile at speeds from 70 to 80 miles per hour and, having signaled, caused the vehicle to pull over and stop. Appellant, the lone occupant, denied that he had made a U-turn. Having observed the vehicle at all times during the turn and after, the officers' prior suspicions were enhanced and Officer Christiansen asked the appellant to open the trunk of his car. Appellant made a motion as if he were actuating a button in the glove compartment of the car and did not do so. He then leaned over the steering wheel, concealing his manipulations of the car keys which are above the ignition and the officer apprehended that he was fixing to start the car and evade the officers, so the officer got the keys from appellant. In the struggle over the keys, appellant's jacket opened sufficiently for the officers to see that appellant had a revolver on his person. The officers opened the trunk and found 167 pounds of marijuana.

The determination of the trial judge not to suppress this evidence was proper. *U. S. v. Fontecha,* 576 F.2d 601, 602 (5th Cir.

1978) and *U. S. v. Macias,* 546 F.2d 58, 61 (5th Cir. 1977). *See also U. S. v. Brignoni-Ponce,* 422 U.S. 873, 881, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).

AFFIRMED.