**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Higinio DOMINGUEZ, Defendant-Appellant.**

**No. 78–5564**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 9, 1979.

Homer Salinas, Robert J. Salinas, Mercedes, Tex., Phil Harris, Weslaco, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., John M. Potter, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert Berg, Asst. U. S. Atty., Corpus Christi, Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

Appellant Higinio Dominguez was convicted of possession of 266 pounds of marijuana with intent to distribute. The marijuana was discovered in a truck he was driving which was stopped and searched at the Sarita, Texas permanent checkpoint. The sole issue on appeal is whether Sarita is properly considered a functional equivalent of the border at which searches may be made without probable cause. A number of recent decisions in this circuit hold that the Sarita checkpoint properly qualifies as a functional equivalent of the border. *See, e. g., United States v. Bender,* 5 Cir., 1979, 588 F.2d 200; *United States v. Clay,* 5 Cir., 1978, 581 F.2d 1190; *United States v. Reyna,* 5 Cir., 1978, 572 F.2d 515. We are bound by those panel opinions and thus reject appellant's contention that the search of his truck was violative of the fourth amendment because conducted without probable cause. We therefore affirm his conviction.

AFFIRMED.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.