**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Angel Ruiz FLORES, Defendant-Appellant.**

No. 78–5754
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 3, 1979.

Edward M. Genson, Marvin I. Bloom, Chicago, Ill., for defendant-appellant.

J. A. Canales, U. S. Atty., John M. Potter, James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Charles E. Lewis, Asst. U. S. Atty., Brownsville, Tex., for plaintiff-appellee.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

■ Angel Ruiz Flores was convicted in a bench trial on all four counts of an indictment charging drug violations under 21 U.S.C. § 841(a)(1), 846, 952(a) and 963 (1976). In this appeal he questions the admissibility of heroin seized in the search of his automobile by U. S. Customs officers.

On July 18, 1978, Flores and his family entered the United States from Mexico at Port of Entry, Hidalgo, Texas. Flores told the Customs Inspector that they had nothing to declare. Because of a Drug Enforcement Administration (DEA) bulletin, however, Flores' automobile was sent to a secondary Customs inspection station where a search by Customs inspectors disclosed 5,455.7 grams of heroin. Flores and his wife were placed under arrest. Under the questioning of a DEA agent, Flores admitted that the heroin was destined for Chicago.

On July 27, 1978, while Flores' automobile was still in Customs custody, the inspectors conducted a further, more thorough search at DEA's request. This time 14 pounds of heroin were found inside the spare tire located in the trunk of the car.

■ Flores contends that the initial search of his automobile is invalid because it was not based on the reasonable suspicion of the Customs inspectors; the second search must fall, he urges, because it was prompted by nothing more than a mere hunch. Flores' arguments lack merit. We have repeatedly held that Customs agents have the right to search vehicles at the border or its functional equivalent without probable cause or any degree of suspicion. *E. g., United States v. Bender,* 588 F.2d 200, 201 (5th Cir. 1979); *United States v. Adams,* 569 F.2d 924, 925 (5th Cir. 1978). Clearly, the initial intrusion was a border search; so was the second one nine days later. The validity of the later search is controlled by *Government of Canal Zone v. Eulberg,* 581 F.2d 1216, 1218 (5th Cir. 1978), where we held that the search of a vehicle "in the continuous possession of customs agents, and . . . never moved more than two miles from the border . . . was still a valid border search . . .." *See United States v. Cristancho-Puerto,* 475 F.2d 1025 (5th Cir.), *cert. denied,* 414 U.S. 869, 94 S.Ct. 181, 38 L.Ed.2d 115 (1973) (alien held in physical custody continuously by entry officials continues to stand at the border for customs and border search purposes).

AFFIRMED.