**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Francisco MARTINEZ,**
**Defendant-Appellant.**

**No. 78–5711**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 21, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409.

**510**

L. Aron Pena, Edinburg, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., John M. Potter, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

After a non-jury trial, in which his motion to suppress was denied, Francisco Martinez was found guilty of possession of 293 pounds of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On appeal, Martinez contends that the District Court erred by: (1) concluding that the factual circumstances gave the Border Patrol Officer probable cause to search the trunk of the appellant's car; (2) concluding that the Border Patrol Officer lawfully stopped the appellant in his car; (3) receiving unsworn testimony from the prosecutor during the appellant's trial; and (4) injecting personal testimony in the case against the appellant. Finding no merit in the appellant's contentions, we affirm.

At approximately 1:45 A.M. on March 18, 1978, Border Patrol Officer Hill saw the appellant drive to within 200 yards of the Sarita, Texas, Border Patrol checkpoint and then turn around so as to travel southbound and not continue his northbound movement to the checkpoint. Officer Hill gave chase and stopped the appellant within a mile. The appellant identified himself as an American citizen and stated that the reason he turned around was because he had just come up the road too far. Officer Hill noticed that the appellant seemed very nervous, and he asked the appellant to open the trunk of his car. The appellant said that he would rather not and would prefer to walk away. Officer Hill then asked him what was in the trunk, and the appellant replied, "I think you have a pretty good idea." Officer Hill opened the trunk and found 293 pounds of marijuana.

Because Sarita is the functional equivalent of the border, probable cause to stop and search vehicles at the checkpoint is not necessary. *United States v. Bender,* 588 F.2d 200, 201 (5th Cir. 1979); *United States v. Clay,* 581 F.2d 1190, 1192–93 (5th Cir. 1978). Where, as here, the circumstances support the officer's belief that a motorist is trying to evade the checkpoint, a stop which does not physically occur right at the checkpoint is permissible since the stop begins at the checkpoint, although its accomplishment is delayed by the suspect's running away. *United States v. Torres,* 590 F.2d 156 (5th Cir. 1979); *United States v. Fontecha,* 576 F.2d 601 (5th Cir. 1978); *United States v. Macias,* 546 F.2d 58 (5th Cir. 1977). Officer Hill's prior suspicions were enhanced by the appellant's extreme nervousness and failure adequately to explain the abrupt U-turn. The appellant's responses to Officer Hill's inquiries concerning the contents of the trunk combined with the appellant's nervousness and attempted evasiveness yielded the probable cause necessary for the search of the trunk. *Id.* The determination of the District Court not to suppress the evidence was proper.

The appellant next contends that the District Court erred by receiving into evidence unsworn testimony from the prosecutor. While it may be that the prosecutor said some things that may have been taken as statements of fact, the District Court specified that it was not interested in hearing the facts from the attorneys. The presumption that the judge as trier of fact relied only on properly admitted testimony is not rebutted in this case. *See United States v. Schechter,* 475 F.2d 1099, 1101 n. 3 (5th Cir.), *cert. denied,* 414 U.S. 825, 94 S.Ct.

127, 38 L.Ed.2d 58 (1973); *United States v. Dillon*, 436 F.2d 1093, 1095 (5th Cir. 1971).

The appellant's last contention is equally unfounded, for the District Court only observed that the question asked by defense counsel of Officer Hill had already been answered. Further, the District Court's comments regarding the geography of the area in the vicinity of the Sarita checkpoint were harmless, because the Court had already taken judicial notice of the checkpoint's characteristics.

AFFIRMED.