related to his illicit transactions with City of Prichard officials. In closing argument, defense counsel challenged Harris' credibility and emphasized that Harris might have falsified his testimony to escape punishment for his own deeds. The jury, in light of this argument and the testimony elicited during cross-examination, could infer that Harris received immunity in exchange for his testimony against appellant Summers. Taking that fact into consideration, the jury's verdict indicates that it found Harris a more credible witness than appellant Summers.[14]

## V. CONCLUSION

Having determined that the single demonstrated error committed by the district court was harmless in light of the overwhelming evidence of appellant's guilt, we affirm the judgment of conviction appealed from.

AFFIRMED.

James M. Murphy, Dallas, Tex., for defendants-appellants.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM.

This is a border search case. Appellants argue that the marijuana found in their car was inadmissible at their trial because it was seized in an illegal search. The trial court found that there was probable cause for the search. It also held that the government had authority to search the car even without probable cause because the search was conducted at the Sarita checkpoint, the functional equivalent of the border. *See U. S. v. Bender,* 588 F.2d 200, 201 (5th Cir. 1979) and *U. S. v. Clay,* 581 F.2d 1190, 1192–93 (5th Cir. 1978). We have studied the record and conclude the evidence was legally admitted.

AFFIRMED.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Tina Carolyn RICHARDS and Gay Linn Lewis, Defendants-Appellants.**

No. 78–5717

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 9, 1979.