**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Tex Michael ABRAMS,**
**Defendant-Appellant.**

**No. 78–5745**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 12, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Ann E. Coover, Corpus Christi, Tex. (Court-appointed), for defendant-appellant.

J. A. Canales, U. S. Atty., John M. Potter, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

Appellant was convicted of possession with intent to distribute 102 pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1).

We affirm the finding of the district court that appellant's Fourth Amendment rights were not violated, based upon the opinion of the district court, an extract of which is made a part of this opinion.

Appellant's second point, that cross-examination of defendant was improper, is entirely without merit.

AFFIRMED.

\* \* \*

EXTRACT FROM OPINION OF DISTRICT COURT

The Court finds that on or about the 30th day of July, 1978, Bill Christiansen, a United States Border Patrol Officer, was working the permanent alien checkpoint 14 miles below Sarita, Texas, when a vehicle being driven by Defendant Abrams in a northerly direction stopped about 200 to 300 yards south of the checkpoint. The vehicle, which was in full view of the checkpoint, remained stationary for about thirty seconds and then made a U-turn and proceeded slowly to the south away from the checkpoint.

Based on his ten years' experience at the Sarita checkpoint, Officer Christiansen believed that the Defendant was attempting to evade the Border Patrol stop. Because of this belief, the officer pursued the Defendant and the Defendant voluntarily stopped (without the officer's use of a siren or red lights) approximately 200 yards from the point at which the U-turn was made. The Defendant got out of his vehicle with a road map in hand and told the officer that he thought he was going the wrong way and that he wanted to go to Houston. The officer replied that he had been travelling in the right direction and should proceed north to the checkpoint, which the Defendant did.

As Officer Christiansen followed the Defendant to the checkpoint, he radioed his partner, Border Patrol Officer White, and advised him to direct the Defendant into the secondary inspection area. When Officer Christiansen arrived he told the Defendant to open his trunk. When the Defendant did so, Officer Christiansen found the marihuana in black bags in the trunk.

The Court concludes that the Defendant's Fourth Amendment right to be free from unreasonable searches and seizures was not violated by the actions of the Border Patrol Officer. There now appears to be no doubt that Border Patrol Officers have the right to stop vehicles at permanent checkpoints and to inquire as to the occupants' citizenship. *United States v. Martinez-Fuerte*, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). The recent cases of *United States v. Macias*, 546 F.2d 58 (5th Cir. 1977), and *United States v. Fontecha*, 576 F.2d 601 (5th Cir. 1978), make it clear that in a "turnaround" case, such as the one at bar, the stop occurs at the checkpoint. It is also significant to point out that the Defendant was not taken into custody and transported to the checkpoint. He was merely told that the correct route to Houston was through the checkpoint and no search was conducted until he stopped at the checkpoint.

The Sarita checkpoint here involved has been held to be the functional equivalent of

the border, *United States v. Reyna*, 572 F.2d 515 (5th Cir. 1978), *cert. denied,* —— U.S. ——, 99 S.Ct. 203, 58 L.Ed.2d 183 (1978); *United States v. Olvera*, 567 F.2d 389 (5th Cir. 1978), and thus no probable cause is required to commence a search. Therefore, the search which was made by the Border Patrol was not unreasonable under the Fourth Amendment.