**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hector HASETTE, Defendant–Appellant.**

**No. 89–2313.**

United States Court of Appeals,
Fifth Circuit.

April 6, 1990.

Jose Luis Ramos, Enrique A. Garza, Hebbronville, Tex., for defendant-appellant.

Hector Hasette, Freer, Tex., pro se.

Frances H. Stacy and Paula Offenhauser, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, REAVLEY and HIGGINBOTHAM, Circuit Judges.

## PER CURIAM:

A grand jury indicted Hector Hasette, the defendant, with possession of marijuana with intent to distribute the marijuana and with conspiracy to possess and distribute the marijuana. Hasette filed a motion to suppress the marijuana evidence on the ground that the border patrol agent who arrested Hasette did not have reasonable suspicion to stop him. The district court denied the motion. The court did not consider the reasonable suspicion issue because it ruled that no Fourth Amendment stop occurred. We affirm.

## I. THE FACTS

At approximately 1:00 p.m., Hasette was driving toward a temporary border checkpoint. Hasette testified that he noticed the checkpoint. He turned off of the road into the entrance of an oil field, left his truck, and discovered that the entrance gate was locked. He then drove away in the direction opposite the checkpoint.

A border patrol agent observed Hasette approach the checkpoint, turn around, and drive away. In response, the agent chased Hasette until the agent saw Hasette turn off of the road into the entrance of another oil field. The agent drove his car up to the back of Hasette's truck. Immediately upon leaving his car, the agent smelled the marijuana loaded in the back of Hasette's truck. The agent then arrested Hasette.

## II. DISCUSSION

We have held that border patrol agents may stop vehicles at temporary checkpoints for brief citizenship inquiries without any reasonable suspicion of criminal activity.[1] We have also held that a U-turn or a "turnaround" in front of a checkpoint is tantamount to a stop at the checkpoint itself.[2] Reasonable suspicion to stop the vehicle driving away from the checkpoint is therefore unnecessary if the government observes a U-turn or "turn-around."[3]

In the present case, the border patrol agent observed Hasette turn around in front of a temporary border checkpoint. Under our precedent, the agent did not need reasonable suspicion to chase Hasette and stop him. The ruling of the district court is, therefore, affirmed.

1. *United States v. Venegas–Sapien,* 762 F.2d 417, 418–19 (5th Cir.1985) (Border patrol agents may stop vehicles at temporary highway checkpoints for brief citizenship inquiries without any reasonable suspicion of criminal activity.).

2. *United States v. Abrams,* 598 F.2d 969, 970 (5th Cir.1979) ("[I]n a 'turnaround' case, such as the one at bar, [vehicle stopped approximately 200 yards in front of checkpoint, remained stationary for thirty seconds, made a U-turn, and then proceeded slowly away] the stop occurs at the checkpoint."); *United States v. Martinez,* 597 F.2d 509, 510 (5th Cir.1979) ("Where, as here, the circumstances support the officer's belief that a motorist is trying to evade the checkpoint, a stop which does not physically occur right at the checkpoint is permissible since the stop begins at the checkpoint, although its accomplishment is delayed by the suspect's running away."); *United States v. Torres,* 590 F.2d 156, 157 (5th Cir.1979) (Border patrol officer justi-

fied in chasing and stopping defendant after observing the defendant make a U-turn three-quarters of a mile in front of checkpoint); *United States v. Fontecha,* 576 F.2d 601, 602 (5th Cir.1978) ("In *Macias,* [*United States v. Macias,* 546 F.2d 58 (5th Cir.1977) ] as here, '[a]lthough the stop did not physically occur right at the checkpoint, the defendants had already stopped themselves long enough to make a U-turn and clear out at high speed.' On this basis, we concluded that the stop 'did begin ... at a permanent checkpoint, although the defendants delayed its accomplishment by running away.' Stops at permanent checkpoints may 'be made in the absence of any individualized suspicion....' "); *United States v. Macias,* 546 F.2d 58, 61 (5th Cir.1977) (U-turn in front of checkpoint in combination with clear out at high speed justifies stop).

3. *Id.*