IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40930
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ERNESTO VILLARREAL-CONTRERAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-131-1
--------------------
July 20, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ernesto Villarreal-Contreras ("Villarreal") appeals his conviction on a plea of guilty, arguing that the district court erred in denying his motion to suppress evidence obtained in an allegedly unlawful stop of Villarreal's vehicle.

As a threshold issue, the Government argued that Villarreal had waived his right to appeal when he signed an unconditional guilty plea. A review of the record reveals that Villarreal fulfilled the spirit of Fed. R. Crim. P. 11(a)(2) by clearly indicating his intention to plead guilty on the condition that he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

preserved his right to appeal the district court's denial of his motion to suppress. See United States v. Wise, 179 F.3d 184, 187 (5th Cir. 1999). Accordingly, Villarreal did not waive his right to appeal the denial of his motion to suppress.

Proceeding to the merits, when the district court makes factual findings following a pre-trial hearing on a motion to suppress, this court reviews such findings for clear error, viewing the evidence in the light most favorable to the party that prevailed in the district court. United States v. Inocencio, 40 F.3d 716, 721 (5th Cir. 1994). This court reviews *de novo* the district court's legal conclusion that officers had reasonable suspicion to stop a vehicle. Inocencio, 40 F.3d at 721.

Stops at permanent checkpoints may be made in the absence of any individualized suspicion. United States v. Fontecha, 576 F.2d 601, 602 (5th Cir. 1978)(internal citation and quotation omitted). Where the stop does not occur right at the checkpoint because a defendant has taken some action to evade the checkpoint, this court will conclude that the stop did begin at the checkpoint. See United States v. Ramirez-Lujan, 976 F.2d 930, 933 (5th Cir. 1992); United States v. Hassette, 898 F.2d 994, 995 (5th Cir. 1990)(per curiam); see Fontecha, 576 F.2d at 602. This court has extended this line of reasoning to stops at temporary checkpoints. Hassette, 898 F.2d at 995; United States v. Venegas-Sapien, 762 F.2d 417, 418-19 (5th Cir. 1985).

We find no clear error in the district court's findings of fact or error of law in the district court's reasoning. In its order the district court stated:

Inasmuch as Villarreal's stop on the side of the road, when no outlets between his stopping place and the checkpoint existed, was tantamount to a stop at the checkpoint itself, no additional reasonable suspicion of criminal activity was required for the seizure initiated by Ramirez. Furthermore, at the actual checkpoint, reasonable suspicion was not required as a prerequisite to the dog sniff, see United States v. Seals, 987 F.2d 1102, 1106 (5th Cir.), cert. denied, 510 U.S. 853 (1993), and the fact that the dog alerted provided probable cause to search Villarreal's vehicle. See United States v. Williams, 69 F.3d 27, 28 (5th Cir. 1995), cert. denied, 516 U.S. 1182 (1996). Consequently, neither the seizure of Villarreal nor the search of his vehicle violated Villarreal's Fourth Amendment right to be free of unreasonable searches and seizures.

For these and the other reasons assigned by the district court, the judgment of that court is AFFIRMED.