# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 18, 2022

Lyle W. Cayce
Clerk

No. 21-60692
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES T. BRITAIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CR-131-1

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:

James T. Britain disregarded a roadway-safety checkpoint in Meridian, Mississippi, and led sheriff's officers on a brief high-speed chase that resulted in Britain's arrest and the discovery of a firearm. A jury convicted him of possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to, *inter alia*, 27 months' imprisonment. He contends: the Government failed to establish venue in

the Southern District of Mississippi; and the district court erred in denying his motion to suppress the firearm.

The Government has the burden of establishing venue by a preponderance of the evidence. *United States v. Lanier*, 879 F.3d 141, 147–48 (5th Cir. 2018). A properly preserved venue challenge, as in this instance, is reviewed *de novo*. *E.g.*, *United States v. Romans*, 823 F.3d 299, 309 (5th Cir. 2016). The Government met its burden because, at trial, it elicited testimony that Britain's offense occurred in Lauderdale County, Mississippi, which lies entirely within the Northern Division of the Southern District of Mississippi. 28 U.S.C. § 104(b)(1) (stating the Northern Division of the Southern District of Mississippi includes Lauderdale County); *cf. United States v. Madkins*, 14 F.3d 277, 279 & n.8 (5th Cir. 1994) (relying on statute stating county fell within the Eastern District of Texas to conclude venue was proper).

When reviewing denial of a motion to suppress evidence, we "review[] factual findings for clear error and the ultimate constitutionality of law enforcement action *de novo*". *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). "Factual findings are clearly erroneous only if a review of the record leaves [us] with a definite and firm conviction that a mistake has been committed". *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009) (citation omitted).

Britain first contends the checkpoint was unconstitutional because: its primary purpose was for general crime control; it was overly intrusive; and its "intensity" substantially outweighed the Government's interest in conducting it. But, the record shows that the checkpoint served "a legitimate programmatic purpose closely related to the necessity of ensuring roadway safety and problem[s] peculiar to the dangers presented by vehicles". *United States v. Burgos-Coronado*, 970 F.3d 613, 618–19 (5th Cir. 2020) (citation omitted) (holding checkpoint permissible under Fourth Amendment), *cert.*

No. 21-60692

*denied*, 141 S. Ct. 1714 (2021); *see also City of Indianapolis v. Edmond*, 531 U.S. 32, 37–38, 41–42 (2000) (differentiating between highway-safety and general crime-control checkpoints).

Britain also contends he drove in a right-turn lane not encompassed by the checkpoint, and the officers otherwise lacked justification to stop him. The court, however, found that the checkpoint's scope included the right-turn lane, and Britain has not pointed to any evidence undermining that factual finding. *See United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (stating factual finding based on live testimony given deference). Therefore, when Britain attempted to evade the checkpoint by making a right turn, the officers did not need reasonable suspicion to stop him. *See United States v. Hasette*, 898 F.2d 994, 995 & n.2 (5th Cir. 1990) (noting, in context of Border Patrol checkpoints, "a U-turn or a 'turn-around' in front of a checkpoint is tantamount to a stop at the checkpoint itself").

AFFIRMED.